# Lake Erie & Western Railroad Company

## v.

## Phillip H. Faught.

*Railroads—Construction Contracts—Agency—Authority of Chief Engineer—Evidence—Instruction.*

In a controversy touching the authority of the chief engineer of a railroad company to bind it for work to be done on its right of way, this court declines to interfere with a verdict for the plaintiff.

[Opinion filed January 21, 1889.]

Lake Erie & Western R. R. Co. v. Faught.

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. STEVENS, LEE & HORTON and JAMES S. EWING, for appellant.

Messrs. NEVILLE & LINDLEY, for appellee.

CONGER, J.  This was an action of assumpsit, brought by appellee against appellant, to recover for work done upon appellant's road-bed, and he recovered a verdict for $930, upon which judgment was rendered.

Appellee was working upon the grading of appellant's road-bed for some time, under and by virtue of a written contract made between himself and J. M. Wright & Co., who were the original contractors with the company, and two others made between himself and sub-contractors under said J. M. Wright & Co.  After thus working for some time, appellee became dissatisfied as to the prospect of being paid by these parties, and refused to proceed with the work under these contracts.  He contends that Mr. Perry, the chief engineer, authorized him to proceed with the work, and that he should be paid for it; that Perry had authority to act for the company in the matter, and thereby made a new and independent contract between himself and the company for all work done after that time.

On the other hand, it is insisted by the company that Perry had no express or implied authority to bind it, and that he did not in fact attempt to do so; but that in all that he said to appellee he was merely assuring him that he would be paid by the contractors.

These are all questions of fact, upon which the jury have found against appellant, and, after a careful consideration of the evidence, we think they were justified in so doing.

The testimony is voluminous, and it would serve no good purpose to set forth the facts and circumstances in proof which led the jury to their conclusion.  Nor can we agree with counsel for appellant when they urge that Perry's authority was assumed by the jury, or by the instructions,

from the fact alone that he was the chief engineer of the company.

The jury were clearly and fully instructed upon this point; they were told by appellant's fifth instruction that agency was not to be presumed, but if the agency of the engineer was relied upon, appellee must prove such agency by a preponderance of the evidence, and that such engineer had authority to bind appellant; and in the sixth instruction they were told that it was not sufficient to show simply that Perry was chief engineer for appellant to make it liable for his acts.

Finding no material error in the record, and believing that substantial justice has been done, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*